UNITED STATES DISTRICT COURT　　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :
MARY LOPEZ,                                   :
                                              :         MEMORANDUM
                          Plaintiff,          :         AND ORDER
                                              :
         -against-                             :
                                              :         10-CV-1552 (JG) (JMA)
JETBLUE AIRWAYS,                              :
                                              :
                          Defendants.         :
---------------------------------------------------------------X

A P P E A R A N C E S:

    MARY LOPEZ
        157 Hope Street
        Brooklyn, New York 11211
        *Plaintiff*, pro se

    JACKSON LEWIS LLP
        59 Maiden Lane, 39th Floor
        New York, New York 10038
    By: Matthew A. Steinberg
        Daniel J. Jacobs
        *Attorneys for JetBlue Airways*

JOHN GLEESON, United States District Judge:

Mary Lopez brought this action asserting that JetBlue Airways violated her rights by failing to provide adequate wheelchair assistance when she flew to and from Puerto Rico. JetBlue now moves to dismiss the action for failure to state a claim upon which relief may be granted. Oral argument was heard on August 19, 2010. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

On July 3, 2009, Lopez and her mother, Santa Ascensio, took JetBlue Flight 727 from JFK Airport to Aguadilla in Puerto Rico. Lopez alleges that as a result of her disability,

reflex sympathetic dystrophy, she needed wheelchair assistance to board the flight. She requested wheelchair assistance, but the wheelchair did not arrive until just before the aircraft door closed. Lopez asserts that her "entire foot was swollen and real painful" as a result of the delay and that she suffered "a lot of anguish, anxiety, [and] nightmares" from the incident. Am. Compl. 1.

Lopez and her mother flew back to JFK from Aguadilla on July 10, 2009. Lopez asserts that "two more incidents" occurred on this journey. Am. Compl. 1. First, she claims that she and her mother, who is also disabled, were not provided with wheelchairs in a timely fashion when they arrived at the airport in Aguadilla. Second, Lopez asserts that when she and her mother arrived in New York, they were taken by wheelchair to baggage claim but were not taken to their car.

On July 16, 2009, Lopez filed administrative complaints with the Department of Transportation ("DOT") against JetBlue based on the July 3, 2009 and July 10, 2009 incidents. JetBlue admitted that the wheelchair attendant came late on July 3, 2009, and apologized for the inconvenience. The DOT concluded that JetBlue had violated the federal regulation requiring that air carriers "promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability." *See* 14 C.F.R. § 382.95(a). As for the July 10, 2009 incidents, JetBlue denied any wrongdoing and the DOT decided that it was unable to determine whether JetBlue had violated any regulations. The DOT took no further action against JetBlue with respect to any of the complaints.

DISCUSSION

A.  *The Standard on a Motion to Dismiss*

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *See, e.g., Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." (internal quotation marks omitted)). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and "draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In reviewing Lopez's complaint, I am mindful that "a *pro se* complaint … must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S at 94 (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.  *The Plaintiff's Claims*

Read liberally, Lopez's complaint may be understood to assert that JetBlue is liable under (1) the Air Carrier Access Act of 1986; and (2) Title III of of the Americans with Disabilities Act of 1990. As explained below, however, neither of these statutes entitles Lopez to bring an action against JetBlue.

1. *The Air Carrier Access Act*

The Air Carrier Access Act of 1986 ("ACAA") prohibits air carriers from discriminating against disabled individuals. In particular, air carriers may not discriminate against an otherwise qualified passenger because "the individual has a physical or mental impairment that substantially limits one or more major life activities." 49 U.S.C. § 41705(1). Lopez's complaint asserts conduct by JetBlue that might violate the ACAA and its implementing regulations. Indeed, the DOT concluded that JetBlue violated one of those regulations by failing to provide a timely wheelchair on July 3, 2009.

JetBlue moves to dismiss on the ground that there is no private right of action for a violation of the ACAA. The ACAA does not explicitly give a victim of discrimination a right to sue the air carrier; the question is whether that right should be implied. The Second Circuit has not spoken on this issue, but it appears that four federal courts of appeals have done so. The Fifth and Eighth Circuits have ruled in favor of a private right of action for passengers. *Shinault v. Am. Airlines, Inc.*, 936 F.2d 796, 801 (5th Cir. 1991); *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 569-70 (8th Cir. 1989). The Tenth and Eleventh Circuits have ruled against a private right of action, siding with the airlines. *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1271 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347, 1360 (11th Cir. 2002).

The Fifth and Eight Circuits' decisions were reached under a more plaintiff-friendly doctrinal environment. Specifically, those cases were decided before the Supreme Court's recent concerted effort to cut back on implied private rights of action in *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Under the prior regime, courts were permitted to search the legal context surrounding an Act of Congress to decide whether congressional purpose suggested

an implicit intent to allow private parties to sue.[1]  *See Cort v. Ash,* 422 U.S. 66 (1975).  But after *Sandoval*, "[i]f Congress has manifested no intent to provide a private right of action, we cannot create one." *Lindsay v. Ass'n of Prof'l Flight Attendants*, 581 F.3d 47, 52 (2d Cir. 2009), *cert. denied*, 130 S.Ct. 3513 (2010).  A court cannot ordinarily conclude that Congress intended to create a right of action when none was explicitly provided.  *Sandoval*, 532 U.S. at 288.  Without a showing of congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286-87.

In determining whether a right of action should be implied, courts first look to the text and structure of the statute to divine Congress's intent.  *Sandoval*, 532 U.S. at 288. Applying that analysis to this case, I find that the ACAA is directed at protecting the rights of disabled passengers.  However, as noted above, the text does not refer to a private right to sue. Moreover, the structure of the statutory scheme weighs against the implication of a private right of action, as it provides an alternative means of vindicating the rights of disabled passengers: an administrative enforcement scheme.

Under the statute, an aggrieved passenger makes a complaint either through the airline's ACAA-compliant resolution mechanism or directly to the DOT.  *See* 49 U.S.C. § 46101(a)(1).  The DOT is required to investigate each complaint.  *Id.* § 41705(c).  Where it finds that a complaint is valid after notice and an opportunity for the airline to be heard, the DOT has the power to enter an order compelling compliance with the ACAA, *id.* § 46101(a)(4), revoke the airline's air carrier certificate, *id.* § 41110(a)(2)(B), and impose a $10,000 fine for

---

[1] *Cort v. Ash* itself represented a narrowing of the Supreme Court's approach to implying private rights of action when compared with the previous method.  *See J. I. Case Co. v. Borak*, 377 U.S. 426 (1964).

each violation, *id.* § 46301(a)(3)(E). The DOT may also initiate an action in a federal district court to enforce the ACAA, *id.* § 46106, or may ask the Attorney General to bring a civil enforcement action, *see id.* § 46107(b)(1).

The ACAA also provides a limited private right to access the federal courts. An individual with a "substantial interest" may petition for review of an administrative decision of the DOT. *See* 49 U.S.C. § 46110(a). That petition for review must be filed in a United States Court of Appeals, not the district court. *Id.* Far from being the source of a broader implied right to sue, this limited right suggests that Congress did not intend to allow other private rights of action under the statute. *See Sandoval*, 532 U.S. at 290. In the case of the ACAA, I conclude that the suggestion is "so strong that it precludes a finding of congressional intent to create a private right of action, even though other aspects of the statute (such as language making the would-be plaintiff a member of the class for whose benefit the statute was enacted) suggest the contrary." *Id.* (quotation marks omitted).

In sum, though the ACAA recognizes a right to be free from discrimination on the basis of disability, it protects that right through means other than private enforcement actions in district court.[2] In light of *Sandoval*, I agree with the Tenth and Eleventh Circuits that the ACAA does not confer the private right of action that Lopez seeks to assert in this case.

---

[2] Having concluded from a review of the text and structure of the statute that it does not confer a private right of action, except in the narrow respect described in the text, I do not reach the legislative history of the statute or the regulations promulgated under it. *See Olmsted v. Pruco Life Ins. Co. of N.J.*, 283 F.3d 429, 435 (2d Cir. 2002) ("A statutory provision that does not use rights-creating language, in a statute that provides for other remedies and contains explicitly private rights of action to enforce other sections, creates no ambiguity on the question of an implied right of action that legal context might clarify.").

2. *The Americans with Disabilities Act*

Though Lopez's complaint does not refer to the Americans with Disabilities Act of 1990 ("ADA"), I consider whether the ADA gives her a cause of action because her complaint seeks to challenge alleged disability discrimination. Title III of the ADA prohibits disability discrimination in the provision of "specified public transportation services." 42 U.S.C. § 12184(a). It also bars disability discrimination in "any place of public accommodation." *Id.* § 12182(a). The definition of "public accommodation" includes "a terminal, depot, or other station used for specified public transportation." 42 U.S.C. § 12181(7)(G). The ADA explicitly provides a private right of action for breaches of Title III. *Id.* § 12188(a).

The problem for Lopez is that aircraft are expressly excepted from the statutory definition of "specified public transportation." 42 U.S.C. § 12181(10) ("The term 'specified public transportation' means transportation by bus, rail, or any other conveyance (*other than by aircraft*) that provides the general public with general or special service (including charter service) on a regular and continuing basis."). The effect of this language is essentially to exempt airlines from Title III of the ADA when, as in this case, they are providing transportation services. *See Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1332 (11th Cir. 2004) ("[A]irlines … are largely not even covered by Title III of the ADA. Rather, airplanes and their accompanying terminals and depots are covered by another disability-access statute, the pre-ADA Air Carriers Access Act." (citations omitted)).

Accordingly, Lopez's complaint does not state a claim under the ADA.

## CONCLUSION

For the reasons stated above, the motion to dismiss the complaint is granted. The Clerk of Court is respectfully directed to enter judgment in favor of the defendant.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 19, 2010
      Brooklyn, New York

## CONCLUSION

For the reasons stated above, the motion to dismiss the complaint is granted. The Clerk of Court is respectfully directed to enter judgment in favor of the defendant.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 19, 2010
      Brooklyn, New York